IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THOMAS FAULCONER,**

    **Plaintiff,**

v.                                    No. CIV 08-0082 MCA/LAM

**SGT. TORRES,**
**CAPT. RIPPETOE, and**
**WARDEN LOONEY, ET AL.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (*Doc. 1*). Plaintiff is incarcerated, appearing *pro se*, and proceeding *in forma pauperis*. For the reasons set forth below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if the court determines that . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. State of Oklahoma, Dep't. of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's *pro se*

complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint alleges that when Plaintiff was being transferred from one correctional facility to another, he asked Defendant Rippetoe to ensure that Plaintiff's personal property be forwarded to the new facility. *See* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (*Doc. 1*) at pages numbered 2 and 4 in the Court's CM-ECF electronic docketing system. The property allegedly was never forwarded. *Id.* Plaintiff claims that Defendants' failure to forward the property violated official departmental policy and his rights under the Due Process Clause of the Fifth and Fourteenth Amendments. *Id.* at page numbered 6 in the Court's CM-ECF electronic docketing system. According to the complaint, Plaintiff has a pending state court action challenging the same deprivations. *Id.* at pages numbered 7 and 8 in the Court's CM-ECF electronic docketing system. In this proceeding, Plaintiff seeks compensatory and punitive damages. *Id.* at page numbered 8 in the Court's CM-ECF electronic docketing system.

As discussed in a recent unpublished decision by the Court of Appeals for the Tenth Circuit, "[Plaintiff] acknowledges that [Defendants'] actions were in violation of CNMCF policy. This makes [Defendants'] actions the sort of unauthorized or random actions governed by *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), and *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). These cases hold that such a deprivation of property is not a due process violation if there is a meaningful postdeprivation remedy available." *Thomas v. N.M. Corr'ns Dep't.*, No. 06-2224, 2008 WL 1696961, at *2 (10th Cir. Apr. 9, 2008). Here, as in *Hudson*, 468 U.S. 534, state tort remedies are available to redress the deprivation, and Plaintiff's complaint indicates he is pursuing those remedies. Plaintiff's due process rights, therefore, were not violated

even if the deprivation was intentional, and the Court will dismiss Plaintiff's complaint. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007).

**IT IS THEREFORE ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (*Doc. 1*) is **DISMISSED with prejudic**e; and, pursuant to Fed. R. Civ. P. 58, judgment will be entered.

**IT IS SO ORDERED** this 8th day of July, 2008**.**

_____
**M. CHRISTINA ARMIJO**
**United States District Judge**